Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
Geoffrey A. Munroe (State Bar No. 228590)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Scott A. Kamber (admitted *pro hac vice*)
skamber@kamberedelson.com
**KAMBEREDELSON, LLC**
11 Broadway, 22nd Floor
New York, NY 10004
Telephone: (212) 920-3072
Facsimile: (212) 202-6364

*Attorneys for Plaintiffs*

E-Filed on 11/16/09

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ELDRIDGE, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELECTRONIC ARTS INC., a Delaware corporation,<br><br>Defendant. | Lead Case No. 08-CV-4733 RMW<br><br>Related Cases:<br>Case No. 08-CV-4917 RMW<br>Case No. 08-CV-5373 RMW<br>Case No. 08-CV-4629 RMW<br>Case No. 08-CV-4421 RMW<br><br>[PROPOSED] **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |
| This Document Relates To:<br><br>ALL RELATED ACTIONS | |

1     The parties to this litigation have entered into a Stipulation of Settlement dated September 22, 2009 ("Agreement"), which if approved, would resolve this action on a class basis. Plaintiffs have filed a motion for preliminary approval of the settlement set forth in the Agreement ("Settlement"), which Defendant Electronic Arts, Inc. ("EA") supports. The Court has read and considered the Agreement and all exhibits thereto, and finds there is a sufficient basis for granting preliminary approval of the Settlement, certifying the proposed Class for settlement purposes, directing that notice be disseminated to the Class, and setting a hearing at which the Court will consider whether to grant final approval of the Settlement.

    The Court now GRANTS the motion for preliminary approval and makes the following findings and orders:

    1.    All defined terms used in this Order have the same meanings as set forth in the Agreement.

    2.    The Court certifies, for settlement purposes only, the following settlement class (the "Class") pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure:

    All persons or entities in the United States who purchased or legally downloaded, and subsequently installed one or more EA computer games that included SecuROM copy protection technology.

    3.    The Court appoints Plaintiffs Richard Eldridge, Dianna Cortez, Alex McQuown, Ruben Valverde, Michael Foor, Robert Douglas, Melissa Thomas, and Brandon Gardner to serve as Class Representatives.

    4.    The Court appoints the law firms of Girard Gibbs LLP and KamberEdelson, LLC to serve as Class Counsel.

    5.    The Court finds that, for the purpose of settlement only, the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Class. Joinder of all Class Members in a single proceeding would be impractical, if not impossible, because of their numbers and dispersion. Common issues exist among Class Members; in particular, each Class Member's claims depend on whether EA has a legal obligation to disclose that a SecuROM copy protection program will be installed along with EA computer games purchased or legally downloaded by Class Members. Plaintiffs' claims are typical

of those of the Class, as Plaintiffs each purchased or legally downloaded an EA computer game and claim that SecuROM was installed on their computers without their knowledge or consent. Plaintiffs and their counsel will fairly and adequately protect the interests of the Class; Plaintiffs have no interests antagonistic to those of the Class, and have retained counsel experienced and competent to prosecute this matter on behalf of the Class. Finally, the requirements of Rule 23(b)(2) are met, as Plaintiffs have alleged that EA has refused to make disclosures regarding SecuROM to the Class as a whole and the injunctive relief provided by the settlement, which would require EA to make such disclosures, is appropriate respecting the Class as a whole.

6. The certification of the Class for settlement purposes shall be without force or effect if: (a) the Court does not give final approval to the Settlement and does not enter judgment substantially as contemplated in the Agreement; or (b) the Court's approval of the Settlement and/or entry of a final approval order and judgment are reversed or substantially modified on appeal.

7. The Court preliminarily approves the parties' proposed Settlement, finding that the terms of the Settlement appear sufficiently fair, reasonable, and adequate to warrant dissemination of notice to the Class and to warrant the setting of a hearing to consider final approval of the Settlement. The Court finds that the Settlement contains no obvious deficiencies and that the parties entered into the Agreement in good faith, following an arms-length negotiation process facilitated by Magistrate Judge Richard Seeborg.

8. The Court orders EA to provide notice of the proposed settlement to the Class, in substantially the same form attached to the Agreement as Exhibit 1, by publication in one issue of PC Gamer, and by posting on the company's www.ea.com website, under PC News and Events. The parties are further ordered establish a Settlement Website that makes available this Order, the proposed Settlement, and the Consolidated Amended Complaint; the address of the Website shall be included in all notices disseminated to the Class.

9. The Court finds that the foregoing form and procedure for disseminating notice of the proposed settlement to the Class to comply with Rule 23(e) of the Federal Rules of Civil Procedure and Due Process Clause of the United States Constitution. The Court finds individual notice to be impractical under the circumstances, as Class Members cannot be readily identified, and finds that the

2
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
LEAD CASE NO. CV-08-4733 RMW

publication notice ordered by the Court is reasonably calculated to apprise interested parties of the pendency of the proposed settlement and to afford them an opportunity to present their objections.

10.  No later than ten (10) days after entry of this Order, EA shall comply with the requirements of 28 U.S.C. § 1715 and serve, upon the appropriate official of each state in which a Class Member resides and the appropriate federal official, a notice of the proposed Settlement consisting of the materials required by 28 U.S.C. § 1715(b). EA shall also provide copies of the foregoing submissions to Class Counsel.

11.  A hearing on entry of Final Judgment and Order of Dismissal, the award of fees and expenses to Class Counsel, and incentive payments to the Class Representatives (the "Fairness Hearing") shall be held on March 12, 2010, at 9 a.m., in Courtroom 6 at the United States District Court, Northern District of California, 280 South 1st Street, San Jose, CA 95113. At the Fairness Hearing, the Court will consider: (a) whether the Settlement should be approved as fair, reasonable, and adequate for the Class; (b) whether a judgment granting approval of the Settlement and dismissing the lawsuit with prejudice should be entered; and (c) whether Class Counsel's application for attorneys' fees and expenses and incentive awards for the Class Representatives should be granted.

12.  Counsel for the respective parties shall file memoranda, declarations, or other statements and/or materials in support of the request for final approval of the parties' Settlement, no later than February 5, 2010.

13.  Class Counsel shall file an application for an award of attorneys' fees and costs and for an incentive award to the Class Representatives ("Fee Application") no later than February 5, 2010

14.  Any Class Member who intends to object to final approval of the Settlement or the Fee Application must, on or before February 26, 2010, file any such objection with the Clerk of the Court, and provide copies of the objection to Class Counsel and EA's counsel. Any objection to the Settlement must include (a) a reference to *Eldridge v. Electronic Arts*, Case No. CV-08-4733 RMW; (b) the objector's full name, address, and telephone number; (c) a written statement of all grounds for the objection, accompanied by any legal support for such objection; (d) copies of any papers, briefs, or other documents upon which the objection is based; (e) a statement of whether the objector intends to appear at the Fairness Hearing; and (f) the objector or the objector's counsel's signature. If the objector intends

to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Class Member who does not comply with these requirements shall be foreclosed from speaking at the Fairness Hearing and shall be foreclosed from seeking any adjudication or review of the Settlement or Fee Application by appeal or otherwise.

15. Counsel for the respective parties shall file any response to timely and properly filed objections no later than March 5, 2010.

16. The Court reserves the right to continue the date of the Fairness Hearing and related deadlines. In that event, the revised hearing date and/or deadlines shall be posted on the Settlement Website, and the parties shall not be required to republish notice.

17. All further proceedings in this litigation (including, but not limited to, any existing discovery obligations) are ordered stayed until final approval of the Settlement or termination or the Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the settlement.

**IT IS HEREBY ORDERED.**

Dated: 11/16/09

*Ronald M. Whyte*
The Honorable Ronald M. Whyte
United States District Judge